IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAREN CIMELEY, | Civil Case No: (prior case No. 06-1204-MLB) |
| Plaintiff, | |
| v. | 08-CV-2423 KHV/GLR |
| UNITED PARCEL SERVICE, | |
| Defendant, | |

**COMPLAINT**

**COMES NOW**, Karen Cimeley, by counsel Jeremiah Johnson and for her cause of action against the defendant, states as follows:

1. Plaintiff is a resident of Grand Traverse County, Michigan and brings this action as the mother of Katie D. Tucker, deceased.

2. Defendant United Parcel Service, Inc., (UPS), headquartered in Atlanta, Georgia and incorporated in the state of Delaware, is a corporation authorized to do business in the State of Kansas, and may be served through its registered agent, The Corporation Company, Inc., 515 South Topeka Avenue, Topeka, Kansas 66603.

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant have diversity of citizenship and Plaintiff is seeking damages exceeding seventy-five thousand dollars ($75,000). Jurisdiction has also been previously determined by this Court.

4. Venue of this action arises under 28 U.S.C. § 1391 as Plaintiff's claim arises from a collision occurring in Russell County, Kansas.

5. Plaintiff's cause of action was originally filed in the Russell County Kansas District Court on July 12, 2006 (Case number: 06 CV 43), but was remanded

to Federal Court (Case No. 06-1204-MLB.)  On March 12, 2008 this Court Ordered that the cause of action to be dismissed without prejudice (signed on March 10, 2008 by the Honorable District Judge Monti L. Belot, and entered on March 12, 2008).

6. On November 29th, 2004, at approximately 7:15 p.m., Katie D. Tucker, now deceased, was driving a 1995 Ford Taurus automobile in an easterly direction on Interstate 70, in Russell County, Kansas.

7. On November 29th, 2004, at approximately 7:15 p.m., Brian Pratt was driving a 2004 Mack Truck with two twenty-eight foot Stoughton single axle semi-trailers in tow, registered to the Defendant UPS, and was also proceeding in an easterly direction over and along Interstate 70, in Russell County, Kansas.

8. At the time of the accident, Brian Pratt was an employee of UPS and was acting within the scope of his employment, which under *respondent superior* UPS is liable for the negligent actions of its employee

9. On November 29, 2004, a unidentified tractor-trailer or delivery truck, possibly also belonging to UPS, was also proceeding East on I70 in Russell County, KS

10. The weather and road conditions on that section of Interstate 70 were deteriorating with the onset of winter weather.

11. The phantom driver passed the UPS truck driven by Brian Pratt.

12. Katie D. Tucker also moved into the left lane in order to pass the UPS truck driven by Mr. Pratt.

13. After Katie D. Tucker passed the UPS truck, either the phantom truck or the UPS truck driven by Brian Pratt moved into Miss Tucker's lane, causing her to lose control of her vehicle.

14. Brian Pratt then drove his vehicle into the driver's side of Katie Tucker's vehicle, killing her.

15. The death of Katie D. Tucker was directly and proximately caused by the negligence of Brian Pratt, the driver of the UPS truck, consisting, but not limited to, the following specific acts of negligence:

    (1) Failure to keep his truck at a speed which would allow him to stop within the range of vision of his headlights;

    (2) Failure to keep his truck under control to enable him to stop or avoid a collision once he saw the Tucker vehicle lose control;

    (3) Driving too fast for conditions;

    (4) Failure to keep a proper lookout so as to avoid a collision;

    (5) Failure to maintain adequate braking ability;

    (6) Following too closely;

    (7) Failure to signal;

    (8) Driving in an unsafe and reckless manner; and

    (9) Failure to maintain his lane of traffic.

16. As a direct and proximate result of UPS driver Brian Pratt's negligence, Katie Tucker lost her life.

17. That by virtue of Katie Tucker's wrongful death, the Plaintiff in her representative capacity herein has incurred damages in an amount exceeding the sum of seventy-five thousand dollars ($75,000).

**WHEREFORE**, Plaintiff prays for judgment against the Defendants for a sum representing the damages Karen Cimeley has sustained as a result of the negligence of the Defendants, which said damages are in an amount exceeding the sum of seventy-five

thousand dollars ($75,000), and for Karen Cimeley's costs, and for any other relief the

Court deems just and proper.

    PLAINTIFF DEMANDS A TRIAL BY JURY OF 12 PERSONS AS PROVIDED BY LAW.

                                 Respectfully submitted by:


                                      s/ Jeremiah Johnson
                               Jeremiah Johnson KS Bar#22726
                                    MO Bar #59422
                                      104 E. Poplar
                                      Olathe, KS 66061
                                      (913)768-0070
                                  (913)764-5012 (fax)
                                   Jeremiah@kcatty.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleading served electronically, by email, and by

certified mail to the following on September 10, 2008 to:

Email:
Michael O'Neill: Michael.Oneill@morisonansa.com
Morison Ansa Holden Assuncao & Prough, LLP
1600 John F. Kennedy Blvd.
4 Penn Center, Suite 900
Philadelphia, PA  19103

Certified Mail:
The Corporation Company
515 S. Topeka Ave.
Topeka, KS 66603

 s/Jeremiah Johnson
Jeremiah Johnson